UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OCEAN STATE TACTICAL, LLC, | : | |
| d/b/a BIG BEAR HUNTING AND | : | |
| FISHING SUPPLY; JONATHAN | : | |
| HIRONS; JAMES ROBERT | : | |
| GRUNDY; JEFFREY GOYETTE; | : | |
| and MARY BRIMER | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | C.A. NO. 1:22-cv-00246-JJM-PAS |
| | : | |
| STATE OF RHODE ISLAND | : | |
| *Defendant.* | : | |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT STATE OF RHODE ISLAND'S MOTION TO DISMISS

This Memorandum of Law supports the Rules 12(b)(1) and 12(b)(6) Motion to Dismiss filed by Defendant State of Rhode Island (hereinafter the "State"). The State moves to dismiss the Complaint filed in this civil action by Ocean State Tactical, LLC d/b/a Big Bear Hunting and Fishing Supply, Jonathan Hirons, James Robert Grundy, Jeffrey Goyette, and Mary Brimer (hereinafter "Plaintiffs"). Plaintiffs' Complaint fails because sovereign immunity and related doctrines require its dismissal.

### FACTUAL BACKGROUND

Plaintiffs are a firearms dealer and individuals who claim to own or sell certain firearm magazines that can hold in excess of ten rounds of ammunition. Complaint, ¶¶ 4-9. Plaintiffs claim that they will be or have been affected by Rhode Island's recently-passed restrictions on such devices, Rhode Island General Laws § 11-47.1-1 *et seq.* (the Large Capacity Feeding Device Ban of 2022). *See id*. Naming only the State of Rhode Island as a Defendant, Plaintiffs claim that these

1

restrictions infringe on their rights under the Second, Fifth, and Fourteenth Amendments to the U.S. Constitution and the Twenty-Second Amendment to the Rhode Island Constitution. *See generally* Complaint, pp. 2-4 and Counts I-V. Specifically, they allege that the law unconstitutionally infringes upon their right to bear arms under the Second Amendment to the U.S. Constitution and Twenty-Second Amendment to the Rhode Island Constitution, constitutes a regulatory taking or taking of private property without just compensation under the Fifth Amendment to the U.S. Constitution, and violates their due process rights under the Fourteenth Amendment to U.S. Constitution. *Id*. They bring this action against the State pursuant to 42 U.S.C. § 1983 ("Section 1983") and 28 U.S.C. § 2201 (the "Declaratory Judgement Act"), seeking injunctive relief, a declaration that Rhode Island's large capacity magazine ban is void, an "award of remedies under Section 1983 including all reasonable attorneys' fees, costs and other expenses incurred pursuant to 42 U.S.C. § 1988," and "such other and further relief as this Court may deem proper." Complaint, pp. 24-26.

## **LEGAL STANDARD**

The United States Supreme Court has recognized that "two centuries of jurisprudence affirm[s] the necessity of determining jurisdiction before proceeding to the merits." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 98 (1998). In keeping with this principle, a complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if the Court lacks subject matter jurisdiction. *Narragansett Indian Tribe of Rhode Island v. Chao*, 248 F. Supp. 2d 48, 49-50 (D.R.I. 2003). Indeed, "[a]s a court of limited jurisdiction, this Court may not – absent subject matter jurisdiction – proceed with an action." *Ins. Brokers West, Inc. v. Liquid Outcome, LLC*, 241 F. Supp. 3d 339, 342 (D.R.I. 2017) (citing *Belsito Comm'ns, Inc. v. Decker*, 845 F.3d 13, 21 (1st Cir. 2016)). The

plaintiff bears the burden of proving subject-matter jurisdiction. *See Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996).

A motion to dismiss under Rule 12(b)(6) requires the Court to view the facts contained in the pleadings in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). To survive the motion, however, a plaintiff must present "factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "While detailed factual allegations are not required, 'a formulaic recitation of the elements of a cause of action' is not sufficient." *DeLucca v. Nat'l Educ. Ass'n of Rhode Island*, 102 F. Supp. 3d 408, 411 (D.R.I. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "On a Rule 12(b)(6) motion, the court is laser-focused on the legal adequacy of the complaint, not the ultimate right to relief." *Lombardi v. McKee,* 529 F.3d 1, 7 (D.R.I. 2021) (internal citation and quotation marks omitted).

## ARGUMENT

**I. SOVEREIGN IMMUNITY AND RELATED DOCTRINES REQUIRE DISMISSAL OF THE PLAINTIFFS' CONSTITUTIONAL CLAIMS.**

**A. The State of Rhode Island Has Not Waived its Eleventh Amendment Immunity from the Types of Claims Plaintiffs' Raise.**

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021). There are two main exceptions to this doctrine: (1) "Congress may abrogate a state's sovereign immunity through 'appropriate legislation,'" *Davidson v. Howe*, 749 F.3d 21, 28 (1st Cir. 2014) (quoting *Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 254 (2011); (2)"'a State may waive its sovereign immunity by consenting to suit," *id.* (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999)). In addition, under *Ex Parte*

3

*Young*, 209 U.S. 123 (1908), courts may entertain suits against state officials if they "allege[] an ongoing violation of federal law and seek[] relief properly characterized as prospective." *Doe v. Shibinette*, 16 F.4th 894, 903 (1st Cir. 2021) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). However, the *Ex Parte Young* exception is inapplicable here, where no state official is named and the sole defendant is the State of Rhode Island.

Rhode Island has broadly waived its Eleventh Amendment immunity for tort claims under Rhode Island General Laws § 9-31-1 ("Section 9-31-1"). *Laird v. Chrysler Corp.,* 460 A.2d 425, 429 (R.I. 1983). The federal district courts have extended this waiver to include actions analogous to private torts arising under Section 1983. *See, e.g., Pride Chrysler Plymouth, Inc. v. Rhode Island Motor Vehicle Dealers License Comm'n.,* 721 F.Supp. 17, 22 (D.R.I. 1989).

But waiver under Section 9-31-1 is confined to actions which are "traditionally tortious." *Allendale Leasing, Inc. v. Stone,* 614 F.Supp. 1440, 1451 (D.R.I.1985), *judgment aff'd* 788 F.2d 830 (1st Cir.1986). For example, Rhode Island has not "relinquished its Eleventh Amendment protection from liability for 'the discretionary administrative acts and omissions of the state's departments, commissions, boards, or the officials thereof, acting in their representative capacities.'" *Bergemann v. State of R.I.*, 958 F. Supp. 61, 68 (D.R.I. 1997) (quoting *Healey v. Bendick,* 628 F.Supp. 681, 694–96 (D.R.I.1986)). As a threshold matter, to the extent Plaintiffs pleaded causes of action under the Declaratory Judgment Act, there has been no "express waiver of sovereign immunity" by Congress in that Act. *Muirhead v. Mecham*, 427 F.3d 14, 18 n.1 (1st Cir. 2005). Similarly, there is no tort available against private defendants to seek declaratory judgment about whether a defendant's actions comport with law. A declaratory judgment is plainly not a tort and is therefore not covered under the Section 9–31–1 waiver. *Cf. Kenyon v. Sullivan,* 761 F.Supp. 951, 958 (D.R.I.1991) (no waiver of immunity for traditional governmental activities,

4

including provision of welfare benefits); *Healey v. Bendick,* 628 F.Supp. 681, 694–96 (D.R.I.1986) (immune from challenge to state shellfish regulations); *New England Multi–Unit Hous. Laundry Ass'n v. Rhode Island Hous. and Mortg. Fin. Corp.,* 893 F.Supp. 1180, 1188–89 n. 11 (D.R.I. 1995) (violations of state Administrative Procedure Act).

Moreover, with respect to Plaintiffs' asserted Section 1983 claims, Plaintiffs essentially contend that a duly-enacted state law interferes with their carrying of firearm magazines that are protected under the Second Amendment to the U.S. Constitution and Twenty-Second Amendment to the Rhode Island Constitution; their takings and due process claims stem from this fundamental allegation. There is no equivalent in private tort of such a claim. Regardless of the statutory vehicle for bringing these claims, they strike at the heart of Rhode Island's sovereign interests. Constitutional challenges to a state weapons accessory restriction are in no way analogous to the types of "conditions and circumstances" of government action that might "give rise to 'traditionally tortious' causes of actions" like "sexual harassment and discrimination, age or race discrimination, negligence, wrongful discharge." *Bergemann*, 958 F.Supp. at 69. Plaintiffs' "attempt to parlay their claims into 'torts'" should, like the *Bergemann* plaintiffs' attempts with respect to claims arising out of collective bargaining, fail. *Id.* No matter how phrased, the claims articulated in Plaintiffs' Complaint do not fall within Rhode Island's waiver of sovereign immunity. *See Brait Builders Corp. v. Massachusetts, Div. of Cap. Asset Mgmt.*, 644 F.3d 5, 11 (1st Cir. 2011) (finding that the Eleventh Amendment analysis was "quite straightforward," and dismissing the plaintiff's claims for failure to amend its complaint to include the individual state officers as named defendants under the doctrine of *Ex parte Young*).

**B. Recent Developments in Takings Clause Jurisprudence Do Not Create a Federal Forum for Regulatory Takings Claims Against States That Could Result in the Award of Money Damages or Retroactive Relief.**

In *Knick v. Township of Scott, Pennsylvania*, the Supreme Court overruled decades of Takings Clause jurisprudence by holding that a Takings Clause claim is ripe when the government taking is complete, not after state inverse condemnation proceedings have concluded, allowing a Section 1983 claim based on the Takings Clause to proceed in the first instance in federal court. 139 S. Ct. 2162, 2177 (2019). Prior to *Knick*, the rule was generally understood to be that available state remedy proceedings must be pursued to conclusion before a Takings Clause claim was ripe for adjudication. *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S. Ct. 3108, 3121, 87 L. Ed. 2d 126 (1985), *overruled by Knick*, 139 S. Ct. 2162; *see also*, *e.g.*, *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 147 (1st Cir. 2002) (Takings Clause claim unripe where state inverse condemnation proceeding was potentially applicable and had not been pursued). *Knick* changed this landscape and claimants may now pursue their claims in federal court in the first instance. However, while *Knick* established that a Section 1983 claim seeking remedy for a Takings Clause violation could be brought against a *municipality* without first exhausting available remedies, every Court of Appeals to consider the issue post-*Knick* has a held that a Section 1983 claim based on the Takings Clause may not be brought against a *state*.[1] *Zito v. N.C. Coastal Res. Comm'n*, 8 F.4th 281, 286–88 (4th Cir. 2021); *Ladd v. Marchbanks*, 971 F.3d 574, 579 (6th Cir. 2020), *cert. denied*, ––– U.S. –––, 141 S. Ct. 1390 (2021); *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019); *Bay Point Props.*, *Inc. v. Miss. Transp.*

---

[1] The result in *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2070 (2021), is not to the contrary. There, plaintiffs brought the original claim as a declaratory judgment action against the officials charged with enforcing the regulation, not a Section 1983 claim. *Cedar Point Nursery v. Gould*, No. 116CV00185LJOBAM, 2016 WL 1559271, at *2 (E.D. Cal. Apr. 18, 2016). Eleventh Amendment immunity was not raised in *Cedar Point Nursery*, in any event, and the case may stand as an example of litigation-specific immunity waiver.

*Comm'n*, 937 F.3d 454, 456–57 (5th Cir. 2019), cert. denied, ––– U.S. –––, 140 S. Ct. 2566, 206 L.Ed.2d 497 (2020).

This uniform result is a function of the fact that most claims arising out of the Takings Clause against states will either be excluded by *Will* or not fall within the *Ex parte Young* exception to Eleventh Amendment immunity. *See generally id*; *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Ex parte Young*, 209 U.S. 123 (1908). When a plaintiff brings a claim that is akin to a state court inverse condemnation suit under the guise of a federal claim, essentially seeking "an order they can use to require [the state] to pay [plaintiffs] for its alleged taking of their property," it is expressly the type of claim that "isn't a proper workaround to the States' sovereign immunity" under *Ex parte Young*. *Ladd*, 971 F.3d at 581. And sometimes the remedy sought in a Takings Clause claim is a remedy that cannot be rendered—no federal court can order an injunction against a state official to restore title that has been transferred to the state, for example. *See Pavlock v. Holcomb*, 35 F.4th 581, 588–90 (7th Cir. 2022). The only relief that may be sought under *Ex parte Young*'s exception to sovereign immunity is restraint of "an ongoing violation of federal law" when the relief sought may be "properly characterized as prospective." *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

As applied here, this constraint means that the only available relief, if a claim can be stated against the State of Rhode Island (it cannot), is an injunction to restrain enforcement of Rhode Island General Laws § 11.47.1-1 *et seq.* Here, such relief is not available because no state official charged with enforcement has been named as a defendant. No declaration that a particular law or action has or will violate the Takings Clause may be made,[2] and no monetary damages may be

---

[2] Rhode Island has adequate remedy procedures to address inverse condemnation claims in state court. *E.g. Downing/Salt Pond Partners, L.P. v. Rhode Island & Providence Plantations*, 643 F.3d 16, 24 (1st Cir. 2011).

7

assessed, without stepping outside the boundary of the *Ex parte Young* exception, because any such relief would be tantamount to a requirement that the state pay money from its treasury. "Where the court may not award monetary damages, summary dismissal is appropriate for that portion of the complaint." *Ortiz De Arroyo v. Barcelo*, 765 F.2d 275, 280 (1st Cir. 1985). Therefore, any portions of the Complaint that may seek monetary relief, or injunctive relief that would amount to a requirement that an inverse condemnation proceeding be instituted in state court, must be dismissed.

      **C.**    ***Will* Requires Dismissal of All of the Section 1983 Causes of Action.**

"[N]either a State nor its officials acting in their official capacities are 'persons' under 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs named only the State of Rhode Island as a defendant in their Complaint. Complaint, ¶¶ 10-11. No official is named in his or her individual capacity, nor are there any specific allegations of the actions of any state official in the Complaint. Putting aside questions of Eleventh Amendment immunity, therefore, Counts I-V, which are expressly based on Section 1983, must be dismissed because the State is not a person for purposes of Section 1983. *See Brown v. Rhode Island*, 160 F.Supp. 2d 233, 237-38 (D.R.I. 2001) (holding that plaintiff's Fourteenth Amendment claim against the State of Rhode Island was barred by *Will* rather than the Eleventh Amendment), *accord Hicks-Hinson v. Department of Corrections*, 2021 WL 978809, at *1 (D.R.I. Mar. 16, 2021).

      **C.**    ***Pennhurst* Requires Dismissal of Claims Under the Twenty-Second Amendment to the Rhode Island Constitution.**

Plaintiffs also raise claims for injunctive and declaratory relief based on a provision of the Rhode Island Constitution. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Therefore, "[t]he Eleventh

Amendment bars the federal courts from exercising jurisdiction in cases where a state is sued under state law." *New England Multi-Unit Hous. Laundry Ass'n v. Rhode Island Hous. & Mortg. Fin. Corp.*, 893 F. Supp. 1180, 1188 (D.R.I. 1995). This bar extends to "'any intervention by a federal court to conform state officials' conduct to the rigors of a state statute on purely state law grounds.'" *Id.* (quoting *Healey v. Bendick,* 628 F.Supp. 681, 695 (D.R.I. 1986)). Plaintiffs' claims under the Twenty-Second Amendment to the Rhode Island Constitution must therefore be dismissed.

## CONCLUSION

Plaintiffs' constitutional claims against the State of Rhode Island are barred by sovereign immunity and related doctrines and must therefore be dismissed.

> Respectfully submitted,
>
> DEFENDANT,
> STATE OF RHODE ISLAND
>
> By:
>
> PETER F. NERONHA
> ATTORNEY GENERAL
>
> */s/ Sarah Rice*
> */s/ Keith Hoffmann*
>
> Sarah Rice, Bar No. 10465
> Keith Hoffmann, Bar No. 9874
> Rhode Island Office of the Attorney General
> 150 South Main Street
> Providence, RI 02903
> Tel: (401) 274-4400, Extension 2054 / 1882
> Fax: (401) 222-3016
> SRice@riag.ri.gov
> KHoffmann@riag.ri.gov

## **CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 26th day of August, 2022.


*/s/ Keith Hoffmann*