# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OCEAN STATE TACTICAL, LLC, | : | |
| d/b/a BIG BEAR HUNTING AND | : | |
| FISHING SUPPLY; JONATHAN | : | |
| HIRONS; JAMES ROBERT | : | |
| GRUNDY; JEFFREY GOYETTE; | : | |
| and MARY BRIMER | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | C.A. NO. 1:22-cv-00246-JJM-PAS |
| | : | |
| PETER F. NERONHA (official | : | |
| capacity), DARNELL S. WEAVER | : | |
| (official capacity) | : | |
| *Defendants.* | : | |

**STATE DEFENDANTS' OBJECTION TO FIREARMS POLICY COALITION, FPC ACTION FOUNDATION, AND GLENN VALENTINE'S MOTION FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF**

Now come the Defendants, Peter F. Neronha and Darnell S. Weaver, in their official capacities only (hereinafter "State Defendants"), to oppose Firearms Policy Coalition, FPC Action Foundation, and Glenn Valentine's (together "Firearms Policy Coalition's") motion for leave to file an amici curiae brief. The motion for leave is out of time and does not meet the threshold for district court consideration of amici briefs in the First Circuit.

Counsel for Firearms Policy Coalition contacted undersigned counsel November 8, 2022, a state holiday, and left a voicemail for the first time expressing an intent to seek leave to file. At 2:00pm on November 9, 2022, counsel filed the current motion representing that he had not heard from the Office of the Attorney General. This haste in filing occurred weeks after briefing was complete on October 27, 2022 and nearly a week after this Court conducted a hearing on the preliminary injunction. The proposed amicus is not limited to legal arguments; instead Firearms

1

Policy Council seeks to supplement the factual, historic evidentiary record.   ECF 27, 6-15. Firearms Policy Council seeks to add these facts now, after the evidentiary record on the preliminary injunction has closed and there is no further opportunity (or time, given the law's imminent implementation date) for the party's expert witnesses in this case to evaluate the statements made in the briefing.

It is exactly this type of brief that the First Circuit has cautioned against.   While "the acceptance of amicus briefs is within the sound discretion of the" trial court, "a district court lacking joint consent of the parties should go slow in accepting . . . an amicus brief" and "an amicus who argues facts should rarely be welcomed." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).   At this point in time, participation by amici is unlikely to aid this Court in its decision on the preliminary injunction record, and may have the propensity to introduce additional facts without affording the State Defendants an opportunity to respond to those facts, prejudicing their defense.

Respectfully submitted,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Sarah W. Rice*
Sarah W. Rice, Bar No. 10465
Keith Hoffmann, Bar No. 9874
Special Assistants Attorney General  Rhode Island
Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2054 / 1882
Fax: (401) 222-3016
SRice@riag.ri.gov
KHoffmann@riag.ri.gov

Attorneys for Defendants Peter F. Neronha and
Darnell S. Weaver, in their official capacities

## <u>CERTIFICATE OF SERVICE</u>

      I, the undersigned, hereby certify that I filed the within via the ECF filing system and that a copy is available for viewing and downloading.  I have also caused a copy to be sent via the ECF System to counsel of record on this 9th day of November, 2022.

                                                 */s/ Sarah W. Rice*