UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER**<br>    *Plaintiffs,*<br><br>          v.<br><br>**PETER F. NERONHA, in his Official Capacity as the Attorney General for The State of Rhode Island; and DARNELL S. WEAVER, in his Official Capacity as the Superintendent of the Rhode Island State Police**<br>    *Defendants.* | Case No.: 1:22-cv-00246-JJM-PAS |

**PLAINTIFFS' OBJECTION TO THE DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' NOVEMBER 3, 2022 SUBMISSION OF AN AFFIDAVIT OF WILLIAM WORHTY**

**NOW COMES** the Plaintiffs, Ocean State Tactical, LLC d/b/a Big Bear Hunting and Fishing Supply, Jonathan Hirons, James Robert Grundy, Jeffrey Goyette, and Mary Brimer (*hereinafter*, collectively as the "Plaintiffs") in the above captioned matter, and hereby submits this Objection to the Defendants' Motion to Exclude the Plaintiffs' November 3, 2022 Submission of the Affidavit of William Worthy.

The Defendants Motion to Exclude states that "timing and filing of the affidavit presented unfair prejudice because its admission would give plaintiffs the opportunity to reference evidence to which Defendants have no opportunity to respond. . . ." and subsequently, they express "A great deal of information in the affidavit is contained in the Plaintiffs' prior affidavits". See *Defendants' Motion to Exclude* at p. 2. There was no information existing in the November 2 affidavit of William Worthy that presented any new assertions and/or evidence. Rather, the November 2, 2022 Affidavit of William Worthy merely expanded on and clarified the assertions made in the prior

1

affidavit(s) filed. The reasoning for expanding on these issues lies within the time constraints both sides were bound to by the Text Order where neither side had ample time to fully address every assertion they wished to make, especially where the Plaintiffs were provided only seven (7) days (with a subsequent extension of only three (3) days) to reply to the Defendants' sixty-four (64) page opposition to the Plaintiffs' Motion for Preliminary Injunction. The Plaintiffs were on an extreme time constraint in filing their reply brief, and managed to provide the Court with a very comprehensive brief to adequately reply to the Defendants' Objection within the time provided. As such, the Plaintiffs were not afforded the time period the Defendants were afforded in filing their brief. The Plaintiffs had minimal time to determine what issues needed to be expanded upon based on the Defendants' Objection to the Plaintiffs' Motion for Preliminary Injunction.

As a result thereof, the Affidavit of William Worthy filed on November 2 did not provide the Court with any new assertions that the Plaintiffs had not already relied upon in 1) their prior affidavits; or 2) their briefing. The November 2 Affidavit merely expanded on the issues already referenced in an effort to provide the Court with an understanding of the Plaintiffs full scope of assertions. In consideration thereof, the Affidavit of William Worthy filed on November 2, 2022 is not unfairly prejudicial, nor is the evidence cumulative. The Court, upon consideration of the evidence, may decide how much weight it wishes to give the affidavit, as it is relevant to the assertions made by the Plaintiffs. See *State v. Caulley*, Case No. CA91-01-0001, 1991 Ohio App. LEXIS 3687 (Ct. App. Aug. 5, 1991) (quoting Hill v. Ludwig (1889), 46 Ohio St. 373; *Cities Serv. Oil Co. v. Burkett* (1964), 176 Ohio St. 449; Ev. R. 103(A)(2)) ("Regardless of whether the evidence is relevant and competent, the trial court has discretion to admit or reject it").

For the foregoing reasons, this Court should deny the Defendants motion to exclude the Affidavit of William Worthy filed on November 2, 2022, and admit the affidavit as relevant evidence.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER** |
|  | *By and through their counsel,* |
|  | /s/ Michael A. Kelly |
|  | Michael A. Kelly, Esq. (#2116) |
|  | Dane E. Ardente, Esq. (#10263) |
|  | Thomas E. Romano, Esq. (#5425) |
|  | KELLY, SOUZA & PARMENTER, P.C. |
|  | 128 Dorrance Street, Suite 300 |
|  | Providence, RI 02903 |
|  | Tel: (401) 490-7334 | Fax: (401) 490-7874 |
|  | mkelly@ksplawpc.com |
|  | dardente@ksplawpc.com |
| Dated: November 18, 2022 | tromano@ksplawpc.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 18th day of November 18, 2022, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. The document is available for viewing and downloading from the ECF system.

    Keith Hoffmann, Esq.
    Special Assistant Attorney General
    150 South Main Street
    Providence, RI 02903
    khoffmann@riag.ri.gov

                                                                                           /s/ Michael A. Kelly
                                                                                           KELLY, SOUZA, & PARMENTER, P.C.