## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OCEAN STATE TACTICAL, LLC, | : | |
| d/b/a BIG BEAR HUNTING AND | : | |
| FISHING SUPPLY; JONATHAN | : | |
| HIRONS; JAMES ROBERT | : | |
| GRUNDY; JEFFREY GOYETTE; | : | |
| and MARY BRIMER | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | C.A. NO. 1:22-cv-00246-JJM-PAS |
| | : | |
| STATE OF RHODE ISLAND, | | |
| PETER F. NERONHA (official | : | |
| capacity), DARNELL S. WEAVER | : | |
| (official capacity) | : | |
| *Defendants.* | : | |

### RESPONSE TO THE COURT'S APRIL 11, 2024 ORDER TO SHOW CAUSE

On April 11, 2024, this Court ordered the parties to show cause "why the Court should not convert the preliminary injunction to a permanent injunction and enter final judgment for the Defendants." (Apr. 11, 2024 Text Order.) Pursuant to Federal Rule of Civil Procedure 65(a)(2), "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Even in the absence of any consolidation, "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial." *Id.*

The Court has now provided the parties, by virtue of its April 11, 2024 text order, with the "clear and unambiguous notice of its intent to consolidate" required by Rule 65(a)(2). *See Aponte v. Calderon*, 284 F.3d 184, 190 (1st Cir. 2002) (cleaned up). Now, "any right to object to the

1

court's timeliness in giving notice will be lost if a party does not object contemporaneously with the court's notice of consolidation." *Id.*

The State defendants have produced ample evidence during the preliminary injunction proceedings, *e.g.*, ECF 19-1 to -11. Evidence produced during the preliminary injunction phase by either party "need not be repeated" during any further trial proceedings. Rule 65(a)(2). However, to the extent plaintiffs seek and are granted permission to introduce further evidence in this matter, whether by proceeding to summary judgment or trial phases, the State defendants reserve all rights to supplement the preliminary injunction record as necessary and appropriate to aid this Court's further adjudication of this matter.

In addition, the First Circuit's judgment was entered March 7, 2024. ECF 47. To the extent that plaintiffs seek further appellate review, *see* Rules of the Supreme Court of the United States, Rule 13.1 (petition for writ of certiorari due 90 days after entry of judgment), and further seek to stay proceedings in this Court, the State defendants do not object to the entry of a stay of proceedings in this case, including discovery, pending final completion of the appellate process.

Respectfully submitted,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Sarah W. Rice*
Sarah W. Rice, Bar No. 10465
Keith Hoffmann, Bar No. 9874
Assistant Attorneys General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2054
Fax: (401) 222-3016
SRice@riag.ri.gov
KHoffmann@riag.ri.gov

Attorneys for Defendants State of Rhode
Island, Peter F. Neronha and Darnell S.
Weaver, in their official capacities

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I filed the within via the ECF filing system and that a copy is available for viewing and downloading.  I have also caused a copy to be sent via the ECF System to counsel of record on this 24th day of April, 2024.

*/s/ Sarah W. Rice*