UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF RHODE ISLAND; PETER F. NERONHA, in his Official Capacity as the Attorney General for The State of Rhode Island; and DARNELL S WEAVER, in his Official Capacity as the Superintendent of the Rhode Island State Police,<br><br>*Defendants*. | No. 1:22-cv-00246-JJM-PAS |

**PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO STAY PROCEEDINGS PENDING CERTIORARI**

Now come Ocean State Tactical, LLC, d/b/a Big Bear Hunting and Fishing Supply; Jonathan Hirons; James Robert Grundy; Jeffrey Goyette; and Mary Brimer (collectively, "Plaintiffs"). Plaintiffs hereby respond to this Court's order to show cause why it should not enter final judgment at this juncture, *see* Text Order To Show Cause (Apr. 11, 2024), and move for a stay of proceedings pending the Supreme Court's decision on Plaintiffs' forthcoming petition for a writ of certiorari. "[T]he State defendants do not object to the entry of a stay of proceedings in this case, including discovery, pending final completion of the appellate process." State's Resp., Dkt.50. In further support of this response and motion, Plaintiffs submit the accompanying short Memorandum of Law.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' accompanying Motion to Stay Proceedings Pending Certiorari.

          Respectfully submitted,

          <u>s/ Michael A. Kelly</u>
          Michael A. Kelly, Esq. (#2116)
          KELLY, SOUZA & PARMENTER, P.C.
          128 Dorrance Street, Suite 300
          Providence, RI 02903
          Tel: (401) 490-7334
          Fax: (401) 490-7874
          mkelly@ksplawpc.com

          Matthew D. Rowen (admitted *pro hac vice*)
          CLEMENT & MURPHY, PLLC
          706 Duke Street
          Alexandria, VA 22314
          (202) 742-8900
          matthew.rowen@clementmurphy.com

          *Counsel for Plaintiffs*

April 25, 2024

# **CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 25th day of April 2024.

<u>s/ Michael A. Kelly</u>
Michael A. Kelly, Esq. (#2116)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF RHODE ISLAND; PETER F. NERONHA, in his Official Capacity as the Attorney General for The State of Rhode Island; and DARNELL S WEAVER, in his Official Capacity as the Superintendent of the Rhode Island State Police,<br><br>*Defendants*. | No. 1:22-cv-00246-JJM-PAS |

**PLANTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY PROCEEDINGS PENDING CERTIORARI**

The Court should refrain from entering final judgment in Defendants' favor on any of Plaintiffs' claims at this point in the litigation. Neither this Court, nor the First Circuit on appeal, adjudicated the merits of this case in full; each Court decided only the *likelihood* of Plaintiffs' success on the merits. Although both Courts ruled that Plaintiffs are not likely to succeed on the merits, those determinations were by their nature preliminary. To render final judgment at this stage would therefore be premature. Plaintiffs' forthcoming petition to the United States Supreme Court for a writ of certiorari—which counsels in favor of a limited stay of proceedings pursuant to the Court's inherent docket-managing authority—reinforces that conclusion. Moreover, "the State defendants do not object to the entry of a stay of proceedings in this case, including discovery,

1

pending final completion of the appellate process." State's Resp., Dkt.50. This Court should grant Plaintiffs' limited motion to stay proceedings.

## BACKGROUND

On June 20, 2022, Rhode Island enacted House Bill 6614 ("HB 6614" or "the Act"), which makes it a crime for persons within the state to "manufacture, sell, offer to sell, transfer, purchase, possess, or have under [their] control a large capacity feeding device," defined as a magazine that holds more than ten rounds of ammunition. R.I. Gen. Laws §11-47.1-3(a). Those who violate the Act face up to a half-decade behind bars. *Id.*

Plaintiffs challenged the Act by filing suit in this Court on June 23, 2022, against the State of Rhode Island, its Attorney General, and its Superintendent of State Police (collectively, the "State" or "Defendants"). *See* Compl., Dkt.1. Plaintiffs sought a declaration that HB 6614 is unconstitutional and an injunction preventing the State from enforcing it against them. *Id.* In particular, they alleged that the Act violates the Second Amendment, effects a taking without just compensation in violation of the Fifth and Fourteenth Amendments, and is void for vagueness. *See* Amended Compl. ¶¶33-89, Dkt.12.

On August 9, 2022, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction. *See* Pls.' Mot., Dkt.8. This Court denied the motion, primarily on the basis that Plaintiffs were unlikely to succeed on the merits of their claims. *Ocean State Tactical, LLC v. Rhode Island*, 646 F.Supp.3d 368, 373-74 (D.R.I. 2022). This Court did not purport to adjudicate the merits in full. *See id.* at 400-401 & n.45. Plaintiffs timely appealed, and the First Circuit affirmed the preliminary disposition and remanded the case back to this Court on March 29, 2024. *Ocean State Tactical, LLC v. Rhode Island*, 95 F.4th 38 (1st Cir. 2024).

Plaintiffs recently retained the law firm Clement & Murphy, PLLC ("C&M") to prepare and file a petition for a writ of certiorari. (C&M handled the proceedings before the First Circuit but was not involved in the district court proceedings until now.) The petition is currently due to the Supreme Court on June 5, 2024; even with customary extensions, the Supreme Court is likely to decide whether to grant certiorari before year's end.

Plaintiffs move for a limited stay of proceedings in this Court pending a decision from the Supreme Court on Plaintiffs' forthcoming petition for writ of certiorari. Consistent with that request, Plaintiffs ask this Court to refrain from entering final judgment at this preliminary stage. Counsel for Plaintiffs has conferred with the State on this matter and understands that the State does not oppose this request.

## ARGUMENT

### I. This Court Should Refrain From Entering Final Judgment At This Stage.

The Court should not enter final judgment in favor of Defendants at this preliminary juncture. Although this Court denied Plaintiffs' request for a preliminary injunction, it decided only that Plaintiffs were unlikely to succeed on the merits, not that their claims decidedly failed. 646 F.Supp.3d at 376-77, 401. The First Circuit likewise went "no further" than affirming this Court's preliminary decision. 95 F.4th at 54. The First Circuit described its opinion as holding only that "Plaintiffs' failure to demonstrate a likelihood of success on the merits of their claims sinks their attempt to require the district court to issue a preliminary injunction." *Id.* It "therefore affirm[ed] the judgment of the district court, denying the request for a preliminary injunction." *Id.*

In this context, entry of final judgment would be premature. A motion for preliminary injunction "is customarily [considered] on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, "it is generally inappropriate for a federal court at the preliminary-injunction

3

stage to give a final judgment on the merits." *Id.* Nothing about this case calls for an exception to that general rule. Indeed, this Court confirmed at the close of its opinion, that its preliminary injunction ruling was just that—preliminary. It required Defendants to "make arrangements with state and local law enforcement to preserve in safe and undamaged condition any [large-capacity magazines] turned in by citizens in compliance with the [] Ban so that they may be returned to their owners *should the plaintiffs ultimately prevail on the merits*." 646 F.Supp.3d at 401 n.45 (emphasis added).

To render final judgment at this stage (at least over the objection of the parties) would "improperly equate[] 'likelihood of success' with 'success'" and "ignore[] the significant procedural differences between preliminary and permanent injunctions." *Camenisch*, 451 U.S. at 394; *see also Shurtleff v. City of Boston*, 986 F.3d 78, 86 (1st Cir. 2021), *rev'd and remanded on other grounds*, 596 U.S. 243 (2022) (emphasizing the "salient distinction between a decision granting or denying a preliminary injunction and a final decision on the merits"). Instead, a limited stay would be more appropriate in light of Plaintiffs' forthcoming petition for a writ of certiorari.

**II.     A Limited Stay Is Appropriate.**

This Court has the inherent power and authority to control its docket, including the discretion to stay proceedings pending a petition to the Supreme Court for a writ of certiorari. As the Supreme Court expressed nearly a century ago: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Numerous courts within this Circuit (and outside it) have repeatedly acknowledged as much, emphasizing the "apodictic" nature of a federal district court's "inherent power to stay proceedings." *Pan Am Sys., Inc. v. Hardenbergh*, 2012 WL 4855205, at *1 (D. Me. Oct. 12, 2012) (quoting *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st

4

Cir. 2004)); *see Murguia v. Langdon*, 2023 WL 6308325, at *3 (E.D. Cal. Sept. 28, 2023) (granting stay pending Supreme Court's decision on writ of certiorari because "proceeding with this case if the Supreme Court opts to weigh in … could complicate the action and create needless waste"); *NGV Gaming, Ltd. v. Harrah's Operating Co.*, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (same); *Busk v. Integrity Staffing Sols., Inc.*, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013) (same); *Rittmann v. Amazon.com, Inc.*, 2023 WL 8544145, at *1 (W.D. Wash. Dec. 11, 2023) (similar).

Of course, staying power must be employed with care. Courts must "exercise [their] judgment," "weigh competing interests[,] and maintain an even balance." *Landis*, 299 U.S. at 254-55. "Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Busk*, 2013 WL 4786254, at *2 (citing *Landis*, 299 U.S. at 268, and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). But each of those considerations counsels in favor of a limited stay here.

First, no damage would result from granting a stay because Defendants would not be prejudiced. *See Waithaka v. Amazon.com, Inc.*, 2020 WL 7028945, at *7 (W.D. Wash. Nov. 30, 2020) (finding balance of equities weighed in favor of stay where stay was limited rather than "indefinite"). The State is currently free to enforce the Act, and that will remain so unless and until the Supreme Court ultimately reverses. Nor would a limited stay impose any burden on the State; indeed, it may well do the opposite and preserve Defendants' discovery resources. Any stay here would also be temporary, limited to the time it takes the Supreme Court to weigh in. And the

5

State's response to the Court's show-cause order confirms that it would not experience any prejudice from a stay "pending final completion of the appellate process." State's Resp., Dkt.50.

Second, and in a similar vein, potentially unnecessary and wasteful discovery and motions practice would occur absent a stay (assuming the Court did not prematurely pretermit the litigation). Without a stay, the case would require a scheduling order, party conferral, and likely onerous and contentious discovery. All of that would take place while the Supreme Court decides whether to review (and then whether to reverse) the First Circuit's judgment, which could render irrelevant all remand proceedings in this Court. In that context, the second consideration likewise favors a limited stay of proceedings in this Court pending certiorari. *See, e.g.*, *Busk*, 2013 WL 4786254, at *2 (granting stay pending certiorari to avoid "burdensome" "discovery costs and legal fees"); *cf. Waithaka*, 2020 WL 7028945, at *7 (W.D. Wash. 2020) (similar).

Third, the orderly course of justice counsels in favor of a stay. Plaintiffs respectfully submit that the First Circuit's decision is contrary to Supreme Court precedent. This Court of course may disagree with Plaintiffs about that. But at this stage, the inquiry focuses simply on the potentiality that the Supreme Court would take up the issues presented in a petition for certiorari. *See Busk*, 2013 WL 4786254, at *2 (a stay pending certiorari will "greatly simplify th[e] case because the parties will be certain as to what law applies"); *see also Murguia*, 2023 WL 6308325, at *3; *NGV Gaming, Ltd.*, 2008 WL 4951587, at *1; *Rittmann*, 2023 WL 8544145, at *1; *Waithaka*, 2020 WL 7028945, at *4-5. This final factor, much like the other two, thus weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and stay proceedings in this case until the Supreme Court rules on Plaintiffs' forthcoming petition for writ of certiorari, and in the event the Supreme Court grants certiorari, until such time as it

finally disposes of the case on the merits.  At a minimum, Plaintiffs respectfully request that the Court refrain from entering final judgment at this preliminary stage of the case.

Respectfully submitted,

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)
KELLY, SOUZA & PARMENTER, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel: (401) 490-7334
Fax: (401) 490-7874
mkelly@ksplawpc.com

Matthew D. Rowen (admitted *pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
matthew.rowen@clementmurphy.com

*Counsel for Plaintiffs*

April 25, 2024

## **CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 25th day of April 2024.

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)
