**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

OCEAN STATE TACTICAL, LLC d/b/a BIG
BEAR HUNTING AND FISHING SUPPLY;
JONATHAN HIRONS; JAMES ROBERT GRUNDY;
JEFFREY GOYETTE; and MARY BRIMER,

        *Plaintiffs*,

        v.

STATE OF RHODE ISLAND; PETER F.
NERONHA, in his Official Capacity as the
Attorney General for The State of Rhode
Island; and DARNELL S WEAVER, in his
Official Capacity as the Superintendent of the
Rhode Island State Police,

        *Defendants*.

No. 1:22-cv-00246-JJM-PAS

**PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS**

Now come Ocean State Tactical, LLC, d/b/a Big Bear Hunting and Fishing Supply; Jonathan Hirons; James Robert Grundy; Jeffrey Goyette; and Mary Brimer (collectively, "Plaintiffs"). Plaintiffs hereby move for a stay of summary judgment proceedings pending the Supreme Court's forthcoming decisions in *Wolford v. Lopez*, No. 24-1046 (U.S. cert. granted Oct. 3, 2025), and *United States v. Hemani*, No. 24-1234 (U.S. cert. granted Oct. 20, 2025). After conferring with counsel for Defendants, counsel for Plaintiffs understands that Defendants may or may not oppose the motion. In further support of this motion, Plaintiffs submit the accompanying short Memorandum of Law.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Stay Summary Judgment Proceedings.

Respectfully submitted,

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)
KSPR Law, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel: (401) 490-7334
Fax: (401) 490-7874
mkelly@ksprlaw.com

Matthew D. Rowen (admitted *pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
matthew.rowen@clementmurphy.com
*Counsel for Plaintiffs*

March 26, 2026

## **CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.  I have also caused a copy to be sent via the ECF System to counsel of record on this 25th day of March.

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF RHODE ISLAND; PETER F. NERONHA, in his Official Capacity as the Attorney General for The State of Rhode Island; and DARNELL S WEAVER, in his Official Capacity as the Superintendent of the Rhode Island State Police,<br><br>*Defendants*. | No. 1:22-cv-00246-JJM-PAS |

### PLANTIFFS' MEMORANDUM IN SUPPORT OF
### MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS

The Supreme Court recently heard oral argument in two Second Amendment cases—*Wolford v. Lopez*, No. 24-1046 (U.S.), and *United States v. Hemani*, No. 24-1234 (U.S.)—which, once decided, may inform the legal issues in this case to a considerable degree. But under the current schedule in this case, which the parties negotiated, and the Court entered, before the Supreme Court granted certiorari in either *Wolford* or *Hemani*, summary judgment briefing will conclude before the end of the Supreme Court's Term. That raises the distinct possibility that the parties will submit their briefs before the Supreme Court decisions are issued. Plaintiffs respectfully submit that, under the circumstances, judicial and party resources would be best served by postponing summary judgment briefing in this case until after *Wolford* and *Hemani* have been decided. Accordingly, this Court should grant Plaintiffs' motion to stay proceedings.

4

## BACKGROUND

In 2022, Rhode Island enacted House Bill 6614 ("HB 6614" or "the Act"), which makes it a crime for persons within the state to "manufacture, sell, offer to sell, transfer, purchase, possess, or have under [their] control a large capacity feeding device," defined as a firearm magazine that holds more than ten rounds of ammunition.  R.I. Gen. Laws §§11-47.1-2, -3.  Those who violate the Act face up to a half-decade behind bars.  *Id.* §11-47.1-3(a).

Shortly after the Act became law, Plaintiffs filed suit in this Court against the State of Rhode Island, its Attorney General, and its Superintendent of State Police (collectively, the "State" or "Defendants").  Compl. (Dkt.1).  Plaintiffs sought a declaration that the Act is unconstitutional and an injunction preventing Defendants from enforcing it against them.  *Id.*  In particular, Plaintiffs alleged that the Act violates the Second Amendment, effects a taking without just compensation, and is void for vagueness.  *See* Amended Compl. (Dkt.12) ¶¶33-89.

On August 9, 2022, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction.  *See* Pls.' Mot. (Dkt.8).  This Court denied the motion, principally concluding that Plaintiffs were not likely to succeed on the merits of their claims.  *Ocean State Tactical, LLC v. Rhode Island*, 646 F.Supp.3d 368, 373-74 (D.R.I. 2022).  Consistent with the procedural posture, this Court did not decide the merits in full.  *See id.* at 400-401 & n.45.

Plaintiffs timely appealed; the First Circuit affirmed and remanded the case back to this Court on March 29, 2024.  *Ocean State Tactical, LLC v. Rhode Island*, 95 F.4th 38 (1st Cir. 2024).

On April 29, 2024, this Court granted Plaintiffs' motion to stay proceedings pending Plaintiffs' then-forthcoming petition for a writ of certiorari to the Supreme Court of the United States, which Plaintiffs filed on August 2, 2024.  *See* Pls.' Mot. (Dkt.51); Text Order (April 29, 2024).  The Supreme Court denied the petition on June 2, 2025.  *Ocean State Tactical, LLC v.*

*Rhode Island*, 145 S.Ct. 2771 (2025). Justices Thomas, Alito, and Gorsuch would have granted the petition. *Id.*

This Court then lifted the limited stay pending certiorari, after which the parties met and conferred regarding discovery and summary judgment proceedings, *see* Joint Status Rep. (Dkt.52). Thereafter, on August 8, 2025, consistent with the parties' proposal, *see id.*, the Court entered the following briefing schedule: Plaintiffs' summary judgment motion is due April 15, 2026; Defendant's summary judgment response and cross-motion for summary judgment is due May 15, 2026; Plaintiffs' reply and opposition to Defendant's cross-motion is due June 1, 2026; and Defendant's reply to Plaintiffs' opposition is due June 16, 2026. Text Order (Aug. 8, 2025).

Since that time, the Supreme Court granted certiorari in two Second Amendment cases. The first is *Wolford v. Lopez*, No. 24-1046 (U.S. cert. granted Oct. 3, 2025), where the Court is evaluating the constitutionality of parts of Hawaii's concealed carry regime, specifically, the portions prohibiting licensed concealed carry permit holders from carrying their firearms on private property open to the public unless the property owner gives express permission. The second is *United States v. Hemani*, No. 24-1234 (U.S. cert. granted Oct. 20, 2025), where the Court is evaluating the constitutionality of 18 U.S.C. §922(g)(3), the federal statute that prohibits the possession of firearms by a person who is an unlawful user of any controlled substance. Oral argument was held in *Wolford* on January 20, 2026, and in *Hemani* on March 2, 2026.

Plaintiffs now move for a further limited stay of proceedings in this Court pending decisions from the Supreme Court in *Wolford* and *Hemani*. Counsel for Plaintiffs has conferred with counsel for Defendants on this matter and understands that Defendants may or may not oppose this request.

6

**ARGUMENT**

This Court has the inherent power to control its docket, including the discretion to stay proceedings pending a merits decision from the Supreme Court or a decision on a petition to the Supreme Court for a writ of certiorari.  As the Supreme Court expressed nearly a century ago: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  Numerous courts within this Circuit (and outside it) have repeatedly acknowledged as much, emphasizing the "apodictic" nature of a federal district court's "inherent power to stay proceedings."  *Pan Am Sys., Inc. v. Hardenbergh*, 2012 WL 4855205, at *1 (D. Me. Oct. 12, 2012) (quoting *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004)); *see also, e.g.*, *Murguia v. Langdon*, 2023 WL 6308325, at *3 (E.D. Cal. Sept. 28, 2023) (granting stay pending Supreme Court's decision on writ of certiorari because "proceeding with this case if the Supreme Court opts to weigh in … could complicate the action and create needless waste"); *NGV Gaming, Ltd. v. Harrah's Operating Co.*, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (same); *Busk v. Integrity Staffing Sols., Inc.*, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013) (same); *Rittmann v. Amazon.com, Inc.*, 2023 WL 8544145, at *1 (W.D. Wash. Dec. 11, 2023) (similar).

Of course, staying power must be employed with care.  Courts must "exercise [their] judgment, "weigh competing interests[,] and maintain an even balance."  *Landis*, 299 U.S. at 254-55.  "Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Busk*, 2013

7

WL 4786254, at *2 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005)) (citing *Landis*, 299 U.S. at 268).  But, here, each of those considerations counsels in favor of a stay.

First, Defendants would not be prejudiced from a limited stay.  *See Waithaka v. Amazon.com, Inc.*, 2020 WL 7028945, at *7 (W.D. Wash. Nov. 30, 2020) (finding balance of equities weighed in favor of stay where stay was limited rather than "indefinite").  The State is currently free to enforce the Act, and it will remain able to enforce the Act during the pendency of any limited stay.  Nor would a limited stay impose any burden on the State; indeed, it may well do the opposite and preserve Defendants' resources.  *See infra.*  Any stay here would also be temporary, limited to the time it takes the Supreme Court to issue its decisions in *Wolford* and *Hemani*—which should occur before the Fourth of July of this year.

Second, and in a similar vein, potentially unnecessary and wasteful judicial and party resources will be spent absent a stay.  The parties are scheduled to file cross-motions for summary judgment over the next few months, and may need to prepare for and participate in oral argument, absent a stay.  This Court will also need to review all of that briefing and the supplemental expert reports submitted by the state, and (if necessary) host oral argument on the issues present here.  All of that, however, would take place before the Supreme Court decides the merits of *Wolford* and *Hemani*—two important Second Amendment cases currenting pending before the Court.  In this context, the second consideration likewise favors a limited stay of proceedings.  *See, e.g.*, *Busk*, 2013 WL 4786254, at *2 (granting stay pending certiorari to avoid "burdensome" "legal fees"); *cf. Waithaka*, 2020 WL 7028945, at *7 (similar).

Third, the orderly course of justice counsels in favor of a stay.  The Supreme Court's forthcoming decisions in *Wolford* and *Hemani* are likely to clarify the contours of the Second Amendment analysis described in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *New York*

*State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), and could thus inform the resolution of this case. Waiting to hear the Supreme Court's latest word on the Second Amendment analysis will thus likely simplify the issues here. *See Busk*, 2013 WL 4786254, at *2 (a stay will "greatly simplify th[e] case because the parties will be certain as to what law applies"); *see also Murguia*, 2023 WL 6308325, at *3; *NGV Gaming, Ltd.*, 2008 WL 4951587, at *1; *Rittmann*, 2023 WL 8544145, at *1; *Waithaka*, 2020 WL 7028945, at *4-5. This final factor, like the other two, thus weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and stay proceedings in this case until the Supreme Court issues its decisions in *Wolford* and *Hemani*.

Respectfully submitted,

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)
KSPR Law, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel: (401) 490-7334
Fax: (401) 490-7874
mkelly@ksprlaw.com

Matthew D. Rowen (admitted *pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
matthew.rowen@clementmurphy.com
*Counsel for Plaintiffs*

March 26, 2026

## **CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 25th day of March 2026.

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)
