**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER, <br><br> *Plaintiffs*, <br><br> v. <br><br> STATE OF RHODE ISLAND; PETER F. NERONHA, in his Official Capacity as the Attorney General for The State of Rhode Island; and DARNELL S WEAVER, in his Official Capacity as the Superintendent of the Rhode Island State Police, <br><br> *Defendants*. | No. 1:22-cv-00246-JJM-PAS |

## PLAINTIFFS' UNOPPOSED MOTION TO CONTINUE STAY OF PROCEEDINGS

Now come Plaintiffs Ocean State Tactical, LLC, d/b/a Big Bear Hunting and Fishing Supply; Jonathan Hirons; James Robert Grundy; Jeffrey Goyette; and Mary Brimer.  This Court previously granted a stay of proceedings pending the resolution of *United States v. Hemani*, No. 24-1234 (U.S.), and *Wolford v. Lopez*, No. 24-1046 (U.S.).  *See* Text Order (Mar. 31, 2026).  The Supreme Court issued its decisions in *Hemani* and *Wolford* on June 18 and June 25, 2026, respectively.  Shortly thereafter, the Court granted certiorari on the question whether "the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles."  Pet. for Writ of Cert. i, *Viramontes v. Cook Cnty.*, No. 25-238 (U.S. filed Aug. 27, 2025); *see* Orders List 3 (U.S. June 30, 2026) (granting certiorari).  The resolution of that issue is likely to substantially impact the issues presented in this action.  Accordingly, Plaintiffs move to continue the stay of proceedings in this case until 30 days after the Supreme Court issues a mandate in *Viramontes* (which has been consolidated with *Grant v. Higgins*, No. 25-566 (U.S.)).

1

After conferring with counsel for Defendants, counsel for Plaintiffs understands that Defendants do not oppose the motion.  In further support of this motion, Plaintiffs state as follows:

1.     In this action, Plaintiffs challenge Rhode Island House Bill 6614 ("HB 6614" or "the Act"), which makes it a crime to "manufacture, sell, offer to sell, transfer, purchase, possess, or have under [their] control a large capacity feeding device," defined as a firearm magazine that holds more than ten rounds of ammunition.  R.I. Gen. Laws §§11-47.1-2, -3.  Those who violate the Act face up to five years in prison.  *Id.* §11-47.1-3(a).  Plaintiffs seek a declaration that the Act is unconstitutional and an injunction preventing Defendants from enforcing it.  Compl. (Dkt.1).  In particular, Plaintiffs allege that the Act violates the Second Amendment, effects a taking without just compensation, and is void for vagueness.  *See* Amended Compl. (Dkt.12) ¶¶33-89.

2.     On August 9, 2022, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction.  *See* Pls.' Mot. (Dkt.8).  This Court denied the motion, principally concluding that Plaintiffs were not likely to succeed on the merits of their claims.  *Ocean State Tactical, LLC v. Rhode Island*, 646 F.Supp.3d 368, 373-74 (D.R.I. 2022).  Consistent with the procedural posture, this Court did not decide the merits in full.  *See id.* at 400-401 & n.45.

3.     Plaintiffs timely appealed; the First Circuit affirmed and remanded the case back to this Court on March 29, 2024.  95 F.4th 38 (1st Cir. 2024).

4.     Plaintiffs filed a petition for writ of certiorari, which the Supreme Court denied over the dissent of three Justices.  145 S.Ct. 2771 (2025).

5.     Following the return of the mandate, this Court granted Plaintiffs' motion to stay summary judgment proceedings on March 31, 2026, pending the resolution of *United States v. Hemani*, No. 24-1234 (U.S. cert. granted Oct. 20, 2025), and *Wolford v. Lopez*, No. 24-1046 (U.S. cert. granted Oct. 3, 2025).  *See* Text Order (Mar. 31, 2026).

6.     The Supreme Court issued its decisions in those two Second Amendment cases on June 18 and June 25, 2026, respectively.

7.     On June 30, 2026, the Supreme Court took additional action that will likely have substantial effects on the ultimate resolution of this case.  The Court granted certiorari in *Viramontes v. Cook County*, No. 25-238 (U.S.), and *Grant v. Higgins*, No. 25-566 (U.S.), to decide the question whether the Second Amendment guarantees the right to possess AR-style semiautomatic rifles.  The Court also held (*i.e.*, neither granted nor denied) petitions for certiorari in two cases that present the questions whether a state ban on 10-plus-round magazines violates the Second Amendment and/or effects a taking without just compensation.  *See Duncan v. Bonta*, No. 25-198 (U.S.); *Gator's Custom Guns, Inc. v. Washington*, No. 25-153 (U.S.).

8.     Plaintiffs anticipate that the Supreme Court's decision in *Viramontes* and *Grant*, and its subsequent handling of the now-held petitions in *Duncan* and *Gator's*, will provide highly relevant and potentially outcome-determinative guidance regarding how this Court should evaluate Plaintiffs' challenge to HB 6614.

9.     As previously set forth in Plaintiffs' prior stay motion, this Court has the inherent power to control its docket, including the discretion to stay proceedings pending a merits decision from the Supreme Court or a decision on a petition to the Supreme Court for a writ of certiorari. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also, e.g.*, *Pan Am Sys., Inc. v. Hardenbergh*, 2012 WL 4855205, at *1 (D. Me. Oct. 12, 2012).  In the exercise of that discretion, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Busk v. Integrity Staffing Sols.*,

3

*Inc.*, 2013 WL 4786254, at \*2 (D. Nev. Sept. 5, 2013). Each of those considerations counsels in favor of a continued stay here, just as they counseled in favor of a stay a few months ago. *See* Stay Mot. (Dkt.58) at 7-9. Then as now, the state remains free to enforce the Act and will remain so during the pendency of any continued stay; a stay will preserve the parties' and the Court's resources; and the orderly course of justice counsels in favor of a stay. *See also* Order Granting Mot. for Stay, *Capen v. Campbell*, No. 1:22-cv-11431-FDS (D. Mass. July 9, 2026), Dkt.106.

10.    Counsel for Plaintiffs has conferred with counsel for Defendants on this matter and understands that Defendants do not oppose this request.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court continue the current stay until 30 days after the mandate issues in *Viramontes* and *Grant*.

Respectfully submitted,

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)
KSPR Law, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel: (401) 490-7334
Fax: (401) 490-7874
mkelly@ksprlaw.com

Matthew D. Rowen (admitted *pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
matthew.rowen@clementmurphy.com
*Counsel for Plaintiffs*

July 9, 2026

4

## **CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF System and that a copy is available for viewing and downloading.  I have also caused a copy to be sent via the ECF System to counsel of record on this 9th day of July 2026.

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)