**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF RHODE ISLAND; PETER F. NERONHA, in his Official Capacity as the Attorney General for The State of Rhode Island; and DARNELL S WEAVER, in his Official Capacity as the Superintendent of the Rhode Island State Police,<br><br>*Defendants*. | No. 1:22-cv-00246-JJM-PAS |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Ocean State Tactical, LLC, d/b/a Big Bear Hunting and Fishing Supply; Jonathan Hirons; James Robert Grundy; Jeffrey Goyette; and Mary Brimer, by and through their attorneys, respectfully move this Court pursuant to Federal Rule of Civil Procedure 56 to enter summary judgment in their favor and against the Defendants. Pursuant to Local Rule 7, this Motion is accompanied by a memorandum of law in support of the Motion. Pursuant to Local Rule 56(a), the Motion is also accompanied by a separately filed Statement of Undisputed Material Facts and Declaration. Plaintiffs do not believe that oral argument and/or an evidentiary hearing is required to resolve the Motion, and they do not request one.

As detailed further in Plaintiffs' accompanying memorandum of law, Rhode Island has made it a felony for members of the public to possess ammunition feeding devices capable of holding more than ten rounds, even though tens of millions of Americans possess hundreds of millions of these arms for lawful purposes, including self-defense. The ban applies retrospectively:

Under House Bill 6614 ("HB6614"), Rhode Islanders who lawfully acquired the now-outlawed magazines must surrender them, permanently alter them, or transfer them out of state, without any compensation from the state. HB6614 thus not only prohibits keeping arms in violation of the Second Amendment, but forces citizens to dispossess themselves of lawfully acquired property, in violation of the Takings Clause. HB6614 also threatens criminal punishment under terms that fail to provide fair notice regarding what compliance requires, in violation of the Due Process Clause.

Plaintiffs acknowledge that this Court and the First Circuit rejected Plaintiffs' claims at the preliminary-injunction stage. But Plaintiffs respectfully maintain that those decisions were mistaken. Plaintiffs also respectfully submit that subsequent decisions from the Supreme Court confirm that HB6614 violates the Second Amendment. *See United States v. Hemani*, 608 U.S. 772 (2026); *Wolford v. Lopez*, 146 S.Ct. 2032 (2026). That said, Plaintiffs recognize that the First Circuit has treated its decision in this case as controlling the disposition of a final-judgment appeal in a related case, notwithstanding the Supreme Court's intervening authority. *See Capen v. Campbell*, 134 F.4th 660, 676-77 (1st Cir. 2025); *Recchia v. Campbell*, 183 F.4th 1, 5 (1st Cir. 2026). And Plaintiffs further acknowledge that no material facts have changed since the First Circuit issued its decision, and that no intervening Takings Clause or Due Process Clause precedents alter the precedential value of the First Circuit's opinion. To the extent the Court does not deem itself bound to rule otherwise, the Court should grant Plaintiffs' motion for summary judgment on all claims.

Respectfully submitted,

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)
KSPR Law, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel: (401) 490-7334
Fax: (401) 490-7874
mkelly@ksplawpc.com

Matthew D. Rowen (admitted *pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
matthew.rowen@clementmurphy.com
*Counsel for Plaintiffs*

September 21, 2026

**CERTIFICATION**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 21st day of September 2026.

s/ Michael A. Kelly
Michael A. Kelly, Esq. (#2116)