UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF RHODE ISLAND; PETER F. NERONHA, in his Official Capacity as the Attorney General for The State of Rhode Island; and DARNELL S WEAVER, in his Official Capacity as the Superintendent of the Rhode Island State Police,<br><br>*Defendants*. | No. 1:22-cv-00246-JJM-PAS |

**CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

In response to proliferating mass shootings across the country, the Rhode Island General Assembly enacted House Bill 6614, the Large Capacity Feeding Device Ban of 2022 ("HB 6614"). *Ocean State Tactical, LLC v. Rhode Island*, 95 F.4th 38, 41 (1st Cir. 2024) ("Ocean State II"). The law restricts possession or use of certain large capacity feeding devices or magazines ("LCMs"), defined as those that hold more than ten rounds of ammunition. R.I. Gen. Laws § 11-47.1-3. To comply with the law, "all owners of LCMs were required to (a) permanently modify their LCMs to accept no more than ten rounds; (b) sell them to a firearms dealer; (c) remove them from the state; or (d) turn them into law enforcement." *Ocean State II,* 95 F.4th at 41.

Four gun owners and a registered firearms dealer brought this lawsuit, alleging that HB 6614 violates the United States Constitution. *Ocean State Tactical, LLC v. Rhode Island*, 646 F. Supp. 3d 368, 373 (D.R.I. 2022). This Court considered and denied Plaintiffs' motion to

preliminarily enjoin enforcement of the law. *Id.* The First Circuit affirmed, rejecting each of Plaintiffs' constitutional challenges. *Ocean State II,* 95 F.4th 38. Thereafter, the Supreme Court denied *certiorari* review. *Ocean State Tactical, LLC v. Rhode Island*, __ U.S. __, 145 S. Ct. 2771 (June 2, 2025).

On remand, Plaintiffs seek summary judgment on the same constitutional claims based on the same arguments and factual contentions already considered and rejected by this Court and the First Circuit in connection with Plaintiffs' earlier motion for a preliminary injunction. The law of the case doctrine precludes Plaintiffs from re-litigating these failed legal claims. And, even if considered anew, Plaintiffs fail to demonstrate any genuine issue as to any material fact warranting re-examination of this Court's and the First Circuit's earlier determinations that, as a matter of law, HB 6614 does not infringe the Second Amendment (Count I), effectuate an unconstitutional taking under the Fifth Amendment (Counts II and III), nor violate the Fourteenth Amendment's protections against impermissibly retroactive or unduly vague laws (Count IV).

For these reasons, all of which are detailed more fully in the attached memorandum of law, Plaintiffs' motion for summary judgment (ECF No. 61) should be denied, and the State's cross-motion for summary judgment should be granted.

Respectfully submitted,

STATE OF RHODE ISLAND; PETER F. NERONHA, in his official capacity as the Attorney General of the State of Rhode Island; and DARNELL S. WEAVER, in his official capacity as the Superintendent of the Rhode Island State Police,

By their Attorneys,

*/s/ James J. Arguin*
James J. Arguin (#10972)

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (#10742)

Special Assistant Attorneys General
Office of the Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 exts. 2078 | 2074
(401) 222-2995 (Fax)
jarguin@riag.ri.gov | pmeosky@riag.ri.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James J. Arguin*