UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OCEAN STATE TACTICAL, LLC d/b/a BIG BEAR HUNTING AND FISHING SUPPLY; JONATHAN HIRONS; JAMES ROBERT GRUNDY; JEFFREY GOYETTE; and MARY BRIMER,

Plaintiffs,

v.

STATE OF RHODE ISLAND; PETER F. NERONHA, *in his Official Capacity as the Attorney General for the State of Rhode Island*; and DARNELL S. WEAVER, *in his Official Capacity of the Rhode Island State Police*,

Defendants.

C.A. No. 1:22-cv-0246-JJM-RLA

**ORDER**

This case involves a challenge to a Rhode Island law banning the possession of large capacity feeding devices (also called large capacity magazines, or "LCMs"). *See* R.I. Gen. Laws § 11-47.1-3 (the "LCM Ban"). Four gun owners and a registered firearms dealer, the Plaintiffs, sued Rhode Island, its Attorney General, and its Superintendent of State Police (collectively, "the State"), alleging that the LCM Ban violates the Second Amendment (Count I), the Fifth Amendment (Counts II and III), and the Fourteenth Amendment (Count IV). *See* ECF No. 12.

On December 14, 2022, the Court issued a Memorandum and Order denying the Plaintiffs' request for a preliminary injunction against the LCM Ban. *See* ECF No. 37; *Ocean State Tactical, LLC v. Rhode Island*, 646 F. Supp. 3d 368 (D.R.I. 2022). The First Circuit affirmed that denial of preliminary relief, and the Supreme Court denied the Plaintiffs' subsequent petition for a writ of certiorari. *Ocean State Tactical, LLC v. Rhode Island*, 95 F.4th 38 (1st Cir. 2024), *cert. denied*, 145 S. Ct. 2771 (2025).

Now before the Court are the Plaintiffs' Motion for Summary Judgment, ECF No. 61, and the State's Cross-Motion for Summary Judgment, ECF No. 65. While the Plaintiffs acknowledge that the First Circuit rejected their claims at the preliminary-injunction stage, and although they accept that the First Circuit's decision is binding, they nevertheless argue that recent Supreme Court decisions confirm that the LCM Ban violates the Second Amendment. *See* ECF No. 62. For the following reasons, the Court DENIES the Plaintiffs' Motion for Summary Judgment, and GRANTS the State's Cross-Motion for Summary Judgment.

## I. BACKGROUND

The Court reviewed the background of this case in its Memorandum and Order denying the Plaintiffs' request for a preliminary injunction, and it repeats only the essential facts here. *See Ocean State Tactical*, 646 F. Supp. 3d at 374–81. To summarize, magazines are devices that are used to supply most modern firearms with ammunition. The more ammunition a magazine holds, the more ammunition the firearm can discharge before it needs to be reloaded. Rhode Island law defines

an LCM as "a magazine, box, drum, tube, belt, feed strip, or other ammunition feeding device, which is capable of holding, or can be readily extended to hold, more than ten (10) rounds of ammunition to be fed continuously and directly therefrom into a semiautomatic firearm." R.I. Gen. Laws § 11-47.1-2(2).

The above definition is part of the Rhode Island Large Capacity Feeding Device Ban Act of 2022, which the Rhode Island General Assembly enacted in June 2022. *See id.* § 11-47.1-1–3. That law makes it a felony for any person, with limited exceptions, to "manufacture, sell, offer to sell, transfer, purchase, possess, or have under his or her control" an LCM. *Id.* § 11-47.1-3. The law provided a 180-day period, starting June 20, 2022, for individuals who possessed LCMs to modify them to hold less than ten rounds of ammunition, surrender them to Rhode Island police, or transfer or sell them to individuals who are lawfully allowed to possess LCMs. *Id.* § 11-47.1-3(b)(1).

Within days of the LCM Ban taking effect, the Plaintiffs sued the State, alleging three constitutional challenges against the LCM Ban: first, that it violates the Second Amendment because it improperly infringes on the right to bear arms; second, that it violates the Fifth Amendment because it amounts to a "taking" of LCMs without just compensation; and third, that it violates the Fourteenth Amendment's guarantee of Due Process because its terms are vague and its reach is not justified by the police power of the State. ECF No. 12 ¶¶ 33–89. The Plaintiffs then moved for a preliminary injunction against enforcement of the LCM Ban. ECF No. 8.

In its Memorandum and Order denying that motion, the Court found that the Plaintiffs were unlikely to succeed on the merits of their challenge to the LCM Ban. *Ocean State Tactical*, 646 F. Supp. 3d at 384–99. Regarding the Plaintiffs' Second Amendment challenge, the Court found that LCMs are not considered "Arms" within the meaning of the Second Amendment, and that they are therefore not encompassed within "the right of the people to keep and bear Arms." *Id.* at 384–90. Regarding the Plaintiffs' Fifth Amendment claims, the Court found that the LCM Ban is "a valid exercise of police power, and therefore not a taking that would implicate Fifth Amendment protection." *Id.* at 390–98. As for the Plaintiffs' Fourteenth Amendment claim, the Court found that the LCM Ban is not vague and therefore, as a valid exercise of police power, it does not implicate the constitutional right to due process. *Id.* at 398–99.

The First Circuit affirmed. *Ocean State Tactical*, 95 F.4th at 45–54. Unlike this Court, the First Circuit assumed that LCMs are "arms" within the scope of the Second Amendment and instead considered whether they are "consistent with this Nation's historical tradition of firearm regulation" as required under the Supreme Court's current Second Amendment jurisprudence. *Id.* at 43 (citing *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1, 17 (2022)). Under that jurisprudence, courts must compare both "how and why the regulations burden a law-abiding citizen's right to armed self-defense" with historical analogues. *Bruen*, 597 U.S. at 29. The First Circuit determined that the justification behind the LCM Ban—the State's need to curtail mass shootings by individuals armed with semiautomatic

firearms fitted with LCMs—was sufficiently analogous to historical justifications for similar bans on weapons like sawed-off shotguns, Bowie knives, and the amassing of large quantities of gunpowder. *Ocean State Tactical*, 95 F.4th at 46–50.

The First Circuit also determined that the Plaintiffs' Fifth Amendment and Fourteenth Amendment claims fared no better. With respect to the former, the court determined that the LCM Ban amounted to neither a physical taking nor a regulatory taking because it gave Rhode Islanders "the option to sell, transfer, or modify their magazines" and prohibited only the possession of those magazines "without modification in the State of Rhode Island." *Id.* at 53. As for the latter, the court found that the LCM Ban was not impermissibly retroactive, and that it was not unconstitutionally vague, as would be required to support a Fourteenth Amendment due process claim here. *Id.* at 53–54.

The First Circuit's decision, as was this Court's, was a preliminary determination of the likelihood (or rather, lack thereof) of the Plaintiffs' success on the merits of their claims. The parties' present Motions seek a dispositive judgment on the merits of the same issues they argued at the preliminary injunction stage.

## II. STANDARD OF REVIEW

A motion for summary judgment requires the moving party to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the

Court must review the entire record and consider the facts and inferences in the light most favorable to the nonmoving party. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). "Where the parties cross-move for summary judgment, the court must examine each motion separately, drawing inferences against each movant in turn." *Vazquez-Velazquez v. Puerto Rico Highways & Transp. Auth.*, 73 F.4th 44, 51 (1st Cir. 2023) (cleaned up).

## III. DISCUSSION

In their Motion for Summary Judgment, the Plaintiffs argue that the First Circuit's decision was only preliminary, and that it was mistaken, particularly following the Supreme Court's subsequent decisions in *United States v. Hemani*, 608 U.S. 772 (2026), and *Wolford v. Lopez*, 146 S.Ct. 2032 (2026). *See* ECF No. 61 at 2. Nevertheless, the Plaintiffs "recognize that the First Circuit has treated its decision in this case as controlling the disposition of a final-judgment appeal in a related case, notwithstanding the Supreme Court's intervening authority," and they "further acknowledge that no material facts have changed since the First Circuit issued its decision, and that no intervening Takings Clause or Due Process Clause precedents alter the precedential value of the First Circuit's opinion." *Id.* at 2. They ask only that, "[t]o the extent the Court does not deem itself bound to rule otherwise," it should grant their Motion. *Id.*

The post-*Ocean State Tactical* First Circuit cases to which the Plaintiffs refer are *Capen v. Campbell*, 134 F.4th 660 (1st Cir. 2025), and *Recchia v. Campbell*, 183 F.4th 1 (1st Cir. 2026). In *Capen*, the court upheld the denial of a permanent

injunction against a Massachusetts law prohibiting the sale, transfer, or possession of "assault weapons" and LCMs, determining that its decision in *Ocean State Tactical* was the "law-of-the-circuit" with respect to the constitutionality of LCM bans. 134 F.4th at 676–77. In *Recchia*, the court reaffirmed its holding in *Capen* in response to another challenge to the Massachusetts ban, and it expressly noted that "[n]o Supreme Court precedent published since *Capen* was decided upsets the analytical framework [it] applied in *Capen*." 183 F.4th at 5 n.5 (citing *United States v. Hemani*, 608 U.S. 772 (2026), and *Wolford v. Lopez*, 146 S.Ct. 2032 (2026)).

The Plaintiffs provide no authority suggesting that this Court may deviate from the First Circuit's decisions in *Ocean State Tactical*, *Capen*, and *Recchia*. Collectively, those decisions make clear that (1) the Plaintiffs' Second Amendment claims fail because LCM bans are consistent with the Nation's historical tradition of regulating dangerous arms; (2) the Supreme Court's decisions in *Hemani* and *Lopez* did not disturb that ruling; and (3) the Plaintiffs' Fifth and Fourteenth Amendment claims are meritless. While the Court's previous finding of a non-likelihood of success on the merits was only preliminary, nothing has changed in the facts or the law in any way that would change the outcome at summary judgment. Given this, and based on the First Circuit's precedent and the Supreme Court's refusal to grant certiorari, the Plaintiffs' claims are plainly meritless, and the State is entitled to summary judgment in its favor.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiffs' Motion for Summary Judgment, ECF No. 61, and GRANTS the State's Cross-Motion for Summary Judgment, ECF No. 65.

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

November 24, 2026